IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| LARRY MOSELEY,            ) | |
|                           ) | |
|     Plaintiff,            ) | |
|                           ) | |
| VS.                       ) | No. 04-1226-T/An |
|                           ) | |
| JO ANNE B. BARNHART,      ) | |
| Commissioner of Social Security,  ) | |
|                           ) | |
|     Defendant.            ) | |

ORDER REVERSING COMMISSIONER'S DECISION AND
REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS

Plaintiff Larry Moseley filed this action to obtain judicial review of the defendant Commissioner's final decision denying his applications for disability insurance benefits and supplemental security income benefits. Plaintiff's applications for benefits were denied initially and upon reconsideration by the Social Security Administration. At the plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) on February 10, 1999. On February 26, 1999, the ALJ issued a decision finding that plaintiff was not disabled, and the Appeals Council denied plaintiff's request for review. Thus, the ALJ's decision became the final decision of the Commissioner.

Plaintiff filed a complaint in this Court on November 14, 2001, seeking review of the Commissioner's final decision. Following briefing by the parties, the Court issued an order on July 3, 2002 reversing the Commissioner's decision and remanding the case for further

administrative proceedings, pursuant to sentence four of 42 U.S.C. § 405(g). Moseley v. Barnhart, #01-1337 (W.D. Tenn. July 3, 2002). A second administrative hearing was held before the same ALJ on October 6, 2003. On April 28, 2004, the ALJ issued a Notice of Decision which was partially favorable to plaintiff, finding that he was disabled as of January 7, 2003. Due to an error in the instructions regarding how to file an appeal, a second Notice of Decision was issued on June 18, 2004. Plaintiff chose not to file exceptions with the Appeals Council, and the Appeals Council did not review the case on its own motion; therefore, the ALJ's decision became the final decision of the Commissioner.

Plaintiff filed the present complaint on September 16, 2004, seeking reversal of the Commissioner's decision and an award of benefits from his alleged onset date of June 1, 1997. The Commissioner subsequently filed a motion to again reverse and remand this case for further administrative proceedings, pursuant to sentence four of § 405(g). Plaintiff opposes the request for a second remand of his claim.

Pursuant to 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he was a party. "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Id. Judicial review is limited to determining whether or not there is substantial evidence in the record as a whole to support the Commissioner's decision, and whether the correct legal standards were applied. See 42 U.S.C. § 405 (g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Her v. Commissioner of

Soc. Sec., 203 F.3d 388, 389 (6th Cir. 1999); Walters v. Commissioner of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997); Drummond v. Commissioner of Soc. Sec., 126 F.3d 837, 840 (6th Cir. 1997); Cutlip v. Secretary of Health and Human Serv., 25 F.3d 284, 286 (6th Cir. 1994). Substantial evidence is evidence that a reasonable mind would accept as adequate to support a conclusion. Perales, 402 U.S. at 401; Her, 203 F.3d at 389; Drummond, 126 F.3d at 840; Cutlip, 25 F.3d at 286. The reviewing court may not resolve conflicts in the evidence nor decide questions of credibility. Walters, 127 F.3d at 528 (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)); Cutlip, 25 F.3d at 286. If the decision is supported by substantial evidence, it should not be reversed even if substantial evidence also supports the opposite conclusion. Smith v. Chater, 99 F.3d 780, 782 (6th Cir. 1996) (citing Cutlip, 25 F.3d at 286). If reversal is warranted, a court may immediately award benefits "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." Faucher v. Secretary of Health and Human Serv., 17 F.3d 171, 176 (6th Cir. 1994). Additionally, a court may remand the action under sentence four of § 405(g) and instruct the Commissioner to take additional evidence when the court finds that the Commissioner's determination is inadequately supported by the evidence.

In his first administrative decision in February 1999, the ALJ found that plaintiff did not meet the requirements of the listing on obesity, 20 C.F.R., Pt. 404, Subpt. P, App. 1, § 909A. The ALJ also found that plaintiff had the residual functional capacity to perform a significant range of light work, reduced by the need for a sit/stand option, an inability to use his hands in fine manipulation, and an inability to engage in more than superficial contact

with the public.  (R. 21, 24.)

The Court, in reversing that first decision and remanding for further proceedings, found that the ALJ's determination that plaintiff did not meet the requirements of the listing on obesity was not supported by substantial evidence.  However, the Court found that, due to the deletion of that listing as of October 25, 1999, benefits could not be awarded under the law in effect at that time.[1]  The Court also determined that the ALJ failed to give proper weight to the opinions of plaintiff's treating medical sources, and failed to properly evaluate plaintiff's credibility and his subjective complaints of pain.  Furthermore, due to these errors, the hypothetical question the ALJ posed to the vocational expert, which described a claimant with the residual functional capacity to perform light work, was not supported by substantial evidence.  (R. 346-364.)

In his second administrative decision, the ALJ made the following findings:

(1)  plaintiff was insured for disability insurance benefits through June 30, 1999;
(2)  plaintiff has not engaged in substantial gainful activity since the alleged onset of disability;
(3) plaintiff has an impairment or combination of impairments that is "severe" based on the requirements in the Regulations, 20 C.F.R. §§ 404.1520(b) and 416.920(b), but these impairments do not meet or equal the listed impairments in Appendix 1, Subpart P, Regulation No. 4;
(4)  plaintiff's allegations regarding his limitations were not totally credible;

---

[1] It is the position of the Commissioner, and this Court held in the prior decision, that the final rules deleting the listing, effective October 25, 1999, apply to all claims, including those filed prior to the effective date, that were pending at any level of the administrative process or in court.  However, the Sixth Circuit held, in Combs v. Comm'r of Social Security, No. 04-5275, 2005 WL 544344 (6th Cir. Mar. 9, 2005), that in claims that were filed prior to October 25, 1999, the claimant must be given the benefit of the obesity rules in effect at the time the claim was filed.  The Commissioner's petition for rehearing en banc was granted on July 15, 2005; the case was reargued en banc on December 7, 2005 and is awaiting decision.  Thus, the law regarding which obesity rules must be applied to plaintiff's claim remains unclear.

(5)  plaintiff has the residual functional capacity to lift twenty pounds occasionally and ten pounds frequently, stand and/or walk for less than two hours in an eight-hour workday, sit unrestricted, is limited in fine manipulation and must avoid more than superficial contact with the general public;
(6)  plaintiff has past relevant work as a small engine repairman, shop owner and service manager;
(7)  prior to January 7, 2003, plaintiff was an individual closely approaching advanced age;
(8)  plaintiff has a limited education;
(9)  plaintiff has the residual functional capacity to perform a significant range of light work;
(10)  although plaintiff's exertional limitations do not allow him to perform the full range of light work, using the Medical-Vocational guidelines as a framework for decision-making, there are a significant number of job in the national economy that he could perform. . . .;
(11)  plaintiff was not under a disability prior to June 30, 1999, the last date he was insured;
(12)  the plaintiff became fifty-five years old on January 7, 2003;
(13)  based on plaintiff's exertional capacity for less than the full range of light work, and his age, education and work experience, a finding of "disabled" is directed by Medical-Vocational Rule 202.02 as of January 7, 2003;
(14)  plaintiff has been under a disability since January 7, 2003, but not prior thereto.

(R. 335-336.) Thus, for the period prior to January 7, 2003, the ALJ made virtually the same findings as in the previous decision, with only minor exceptions.

The Social Security Act defines disability as the inability to engage in substantial gainful activity. 42 U.S.C. § 423(d)(1). The initial burden of going forward is on the claimant to show that he is disabled from engaging in his former employment; the burden then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. 42 U.S.C. § 423; see Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994). The claimant bears the ultimate burden of establishing an entitlement to benefits. Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993).

In determining disability, the Commissioner conducts a five-step sequential analysis, as set forth in 20 C.F.R. § 404.1520 and § 416.920:

1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.
2. An individual who does not have a severe impairment will not be found to be disabled.
3. A finding of disability will be made without consideration of vocational factors if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment found in 20 C.F.R. Part 404, Subpart. P, Appendix 1.
4. An individual who can perform work that she has done in the past will not be found to be disabled.
5. If an individual cannot perform her past relevant work, other factors including age, education, past work experience, and residual functional capacity will be considered to determine if other work can be performed.

Further analysis is unnecessary if it is determined that an individual is not disabled at any point in this sequential evaluation process. 20 C.F.R. §§ 404.1520(a), 416.920(a); Hogg v. Sullivan, 987 F.2d 328, 331 (6th Cir. 1989). Here, the analysis proceeded to the fifth step, where the ALJ used the medical-vocational guidelines as a framework to determine that, based on plaintiff's age, education, past work experience and residual functional capacity, there was other work that he could perform.

In his second decision, while giving lip service to the Court's determination that he committed legal errors in his first assessment of plaintiff's claim, the ALJ essentially ignored the Court's decision and committed the same errors for a second time. The ALJ again failed to properly assess plaintiff's credibility regarding his subjective complaints of pain and limitations, by relying solely on a lack of objective medical evidence and improperly

6

discounting the opinions of the treating physicians.  The ALJ also specifically relied on testimony from the vocational expert at the first hearing, which the Court found was not supported by substantial evidence.  In addition, the ALJ apparently failed to ensure that certain evidence submitted by plaintiff from his mental health care provider was included and considered in the administrative record.

The plaintiff argues that the record contains substantial evidence that he is disabled, and that there are no factual issues remaining to be resolved, so that the Court should reverse the decision and award benefits immediately.  However, given the errors again committed by the ALJ and the uncertain state of the law as to the applicable Medical-Vocational Rules on obesity, see note 1, *supra*, the Court concludes that the case should be reversed and remanded for additional administrative proceedings.

Accordingly, the Commissioner's decision is hereby REVERSED and the case is REMANDED for further administrative proceedings with regard to the entire period at issue. Upon remand, the Commissioner is specifically ORDERED to assign this case to a different ALJ, to conduct a third administrative hearing.  The ALJ shall obtain testimony from a vocational expert ("VE"), presenting to the VE a hypothetical question that includes the limitations supported by the evidence in the record.  In addition, the ALJ shall properly evaluate plaintiff's credibility and subjective complaints, and shall thoroughly evaluate plaintiff's mental impairment after ensuring that all of the pertinent evidence is in the record.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE